JUAN JOSÉ PEÑA, Plaintiff and Appellee, v. MUNICIPAL ASSEMBLY OF SANTA ISABEL, Defendant and Appellant.

No. 4078. Argued April 1, 1927.—Decided June 7, 1927.

*Leopoldo Tormes* for the appellant. *T. Bernardini de la Huerta* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The question to be decided in this appeal is whether a municipal assembly can declare vacant the office of an assemblyman against his will and without giving him an opportunity to be heard on the causes for the declaration.

Juan José Peña was a member of the Municipal Assembly of Santa Isabel. The assembly, at one of its meetings, declared vacant the office of Peña without a hearing on the ground that he was not a qualified voter of the municipality. Peña applied to the District Court of Guayama for a writ of certiorari to review the proceeding. The court issued the writ, heard the parties and finally decided that the resolution of the assembly was void. The assembly then brought the present appeal to this court.

We are of the opinion that the appeal has no foundation whatever and that the judgment of the district court is supported by the reasons set forth by the judge in his opinion, as follows:

"Section 63 of the Municipal Law provides that on motion of the aggrieved party the district courts shall have jurisdiction—

"(a) To annul or review by writ of certiorari any legislative or administrative act of the municipal assembly, mayor or other municipal official, which infringes the constitutional right of the complainant or which is contrary to the Organic Act or to the laws of Porto Rico.

"Did the resolution adopted infringe the constitutional rights of the complainant or is it contrary to the Organic Act or to the laws of Porto Rico? We think so. The complainant, in our opinion, was entitled to have notice of the causes or reasons for declaring his office vacant, or, what amounts to the same, to remove him therefrom, as well as to be given an opportunity to examine the evidence introduced against him and to be heard in his own defense. He

was not allowed to do so, nor does it appear from the return that the resolution was taken after having given the complainant notice of the charges against him and having given him an opportunity to defend himself. Our municipal law has no provision authorizing an assembly to declare vacant the office of an assemblyman on the ground of disqualification as alleged in this case. In the absence of an express provision of law the assembly could not act as it did by declaring vacant the office of Juan José Peña. Municipal corporations have no other powers or prerogatives than those expressly granted by the statute.

"As a rule legislative bodies are the sole judges of the election and qualification of their members; but in order that this principle could apply to municipal assemblies it should be necessary that it were so expressly provided by law, the more so in a case like this where it does not appear that the election of the complainant was opposed at the time of his being placed in possession of the office, but a few months after having been installed with the other members of the assembly. We think that if the complainant lacked any of the requisites of the law to fill the office of assemblyman, the assembly or any citizen who is a tax-payer and a resident of the municipality has in law a proper remedy to seek and secure his removal from office. Why not make use of that remedy? To declare his office vacant in the manner that the assembly did is equivalent, in our opinion, to expel the complainant therefrom without giving him an opportunity to be heard in his own defense.

"In this connection Ruling Case Law, vol. 19, par. 198, p. 899, says:

" '198. Expulsion of Members.—It is generally considered that a municipal council has the inherent or incidental power to expel one of its own members, but this power cannot be exercised in the same free and uncontrolled manner as the power to judge of the election and qualification of members, and it cannot be accomplished under color of such power. Having once seated a member the council cannot subsequently make a new investigation of his election and qualifications and drop him if it finds he was not qualified. The removal or expulsion of a member may be lawfully effected only for cause and upon a hearing, and the incumbent should have reasonable notice of the charges, as formulated, and of the time and place of the hearing. At the hearing, he should be allowed to cross-examine the witnesses against him, within the rule of evidence. His own testimony and that of the witnesses for the defense should be fully heard within the same rules. The hearing should be full and fair,

804

and by a patient unprejudiced tribunal. The proceeding is adversary or judicial in its character, and where the statute is silent, the substantial principles of the common law must be observed. If the member whom it is sought to expel is not afforded these rights he may have the proceedings quashed on certiorari, and even if he takes no such steps the courts will recognize him as the holder of the office.' "

The judgment appealed from must be affirmed.